UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark A. Tully; Thane T. Truax and Vicki K. Truax; Kenneth Britt and Lavera "Sand" Britt; Jerry G. Lindholm and Janelle C. Lindholm; Robi J. Nash; Jorge L. Cervera and Julia Cervera; Brad A. Cartier; Donald Houck and Nathan Houck; Jared Rothenberger; Scott Dobesh; Jeffrey F. Cox; Chip A. Rice and Linda S. Rice; and Richard Procter,<br><br>           Plaintiffs,<br><br>v.<br><br>Bank of America, N.A.; BAC Home Loans Servicing, LP; Wells Fargo Bank, N.A. as Trustee for BAFC Mortgage; U.S. Bank National Association, as Trustee; Countrywide Document Custody Services, a Division of Treasury Bank, NA; Countrywide Home Loans, Inc.; The Bank of New York Mellon f/k/a The Bank of New York as Trustee for The Benefit of Alternative Loan Trust and Certificateholders CWALT, Inc. Alternative Loan Trust; MERSCORP, Inc.; Mortgage Electronic Registration Systems, Inc.; and Richard W. Stanek, in his official capacity as Sheriff of Hennepin County,<br><br>           Defendants. | Civil No. 10-4734 (DWF/JSM)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>MEMORANDUM<br>OPINION AND ORDER |

_____

William B. Butler, Esq., Butler Liberty Law, LLC, counsel for Plaintiffs.

Mark G. Schroeder, Esq., and Molly B. Thornton, Esq., Briggs & Morgan, PA, counsel for Bank Defendants.

Charles H. Salter, Assistant County Attorney, Hennepin County Attorney's Office, counsel for Defendant Richard W. Stanek.

_____

## INTRODUCTION

This matter is before the Court on a Motion to Remand to State Court brought by Plaintiffs, a Motion to Dismiss brought by Defendant Richard W. Stanek, and a Motion to Dismiss brought by Bank of America, N.A. ("BOA NA"); BAC Home Loans Servicing, LP ("BAC HLS"); Wells Fargo Bank, N.A. as Trustee for BAFC Mortgage; U.S. Bank National Association as Trustee; Countrywide Document Custody Services, a Division of Treasury Bank, N.A.; Countrywide Home Loans, Inc.; The Bank of New York Mellon f/k/a The Bank of New York as Trustee for The Benefit of Alternative Loan Trust and Certificateholders CWALT, Inc. Alternative Loan Trust; MERSCORP, Inc.; and Mortgage Electronic Registration Systems, Inc. ("MERS") (together, the "Bank Defendants"). For the reasons set forth below, the Court denies Plaintiffs' Motion to Remand, grants Sheriff Stanek's Motion to Dismiss, and grants the Bank Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiffs are homeowners and individual borrowers who claim ownership interests in various residential properties located in Minnesota. (Am. Compl. ¶¶ 20-33.) Plaintiffs allege that loans on the various properties at issue are evidenced by promissory notes and secured by mortgages. (*Id*.) Plaintiffs allege that Defendants MERS or BOA NA are the mortgagees of record for all but two of the loans at issue in this action. (*Id*.) Plaintiffs allege that all of the loans at issue are serviced by either BOA NA or BAC HLS. (*Id*. ¶¶ 45-58.) Plaintiffs allege that the Countrywide Document Custody Services

and Countrywide Home Loans, Inc. ("Countrywide Defendants") were acquired by Bank of America in 2009, and that Wells Fargo, N.A. and The Bank of New York Mellon claim securitized loans in two of the loans at issue.  (*Id.* ¶¶ 38, 45-46.)  Defendant Richard Stanek is Sheriff of Hennepin County.  (*Id.* ¶ 43.)  Except for Sheriff Stanek, none of the Defendants are Minnesota entities or have their principal places of business in Minnesota.  (Compl. ¶¶ 34-40; Am. Compl. ¶¶ 34-40.)

Plaintiffs originally commenced this action in Hennepin County District Court on or around October 22, 2010.  (Doc. No. 1.)  On November 24, 2010, the Bank Defendants removed this action to federal court with the consent of Sheriff Stanek.  The Bank Defendants based removal on two counts of the original complaint, one that alleged a violation of the Fifth and Fourteenth Amendments to the United States Constitution (original Count IV), and a second that alleged the violation of federal constitutional rights pursuant to 42 U.S.C. § 1983 (original Count XVI).  (Doc. No. 1.)  The Bank Defendants based removal on 28 U.S.C. § 1331.  (*Id.*)

On December 1, 2010, the Bank Defendants filed a motion to dismiss.  In response, Plaintiffs filed an Amended Complaint.  The Amended Complaint alleges fourteen causes of action:  (I) Mortgages are Invalid and Unenforceable; (II) Slander of Title; (III) Defendants are Not Holders in Due Course of the Original Notes; (IV) Due Process Violation; (V) Defendants Do Not have Legal Standing to Foreclose Mortgage; (VI)  Defendants are not Real Parties in Interest; (VII) Fraud; (VIII) Negligent Misrepresentation; (IX) Unjust Enrichment; (X) Equitable Estoppel; (XI) Qui-Tam Private Attorney General Enforcement of Minn. Stat. §§ 357.18, 508.82, 508A.82;

(XIII) Third-Party Beneficiary; and (XIV) Accounting.  The Amended Complaint does not allege claims under the Fifth and Fourteenth Amendments to the United States Constitution or a violation of federal constitutional rights pursuant to 42 U.S.C. § 1983.  Instead, Plaintiffs' due process claim is asserted under the Minnesota Constitution.

Plaintiffs challenge the Bank Defendants' legal rights with respect to the underlying residential mortgages and promissory notes.  Plaintiffs allege that they executed original notes and/or mortgages in favor of an entity different from the Bank Defendants who now claim the legal right to foreclose on Plaintiffs' homes (Am. Compl. ¶ 4); that many of the Plaintiffs have demanded that the Bank Defendants provide proof of ownership and evidence of chain of title to the original notes and/or mortgages (*id*. ¶ 5); that the Bank Defendants refused to comply with Plaintiffs' demands (*id*. ¶ 6); that the Bank Defendants do not have valid, clear, legal title to and are not holders in due course of Plaintiffs' original notes (*id*. ¶¶ 7-8); and that Bank Defendants cannot assert rights under the mortgages or demand that the county sheriff remove Plaintiffs from their homes through foreclosure (*id*. ¶ 11).  Plaintiffs also allege that the Bank Defendants securitized and sold Plaintiffs' original notes into a "pooling and servicing agreement" ("PSA"), in which at least 100 percent of the present value of the total payments due on Plaintiffs' original notes were sold to third-party purchasers or mortgage-backed securities (*id*. 12), and that the Bank Defendants sold all of the rights to receive 100 percent of the payments due on Plaintiffs' original notes to entities and trusts created by the PSA.  (*Id*. ¶ 14.)  Plaintiffs further allege their original notes are not unconditionally

enforceable negotiable instruments and that the Bank Defendants cannot assert the right to foreclose on the mortgages. (*Id.* ¶¶ 16-17.)

Plaintiffs filed a motion to remand to state court. The Bank Defendants and Sheriff Stanek filed separate motions to dismiss the Amended Complaint. The Court considers the motions below.

## DISCUSSION

### I.     Motion to Remand

Plaintiffs assert that because they amended their complaint, which does not contain the previously pled federal claims, the Court lacks subject-matter jurisdiction over this action. In particular, Plaintiffs assert that the Amended Complaint only alleges state-law claims and that the Court should decline to exercise supplemental jurisdiction over those claims and remand this action to state court.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court of the United States for the district and division embracing the place where such action is pending." A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. 28 U.S.C. § 1447(c). The district court shall remand the case back to state court if it determines that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). On a motion to remand, the party seeking removal and opposing remand bears the burden of demonstrating federal jurisdiction. *In*

5

*re Bus. Men's Assur. Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). The Court should resolve any doubt as to the propriety of removal in favor of remand. *Id.*

The propriety of removal is determined by the record as it stands at the time the petition for removal is filed. *See Hatridge v. Aetna Causalty & Surety Co.*, 415 F.2d 809, 814 (8th Cir. 1969); *Nelson v. Citibank (South Dakota) N.A.*, 794 F. Supp. 312, 315 (D. Minn. 1992) (explaining that federal jurisdiction is not defeated by post-removal amendments to eliminate federal claims).[1] There is no dispute that federal question jurisdiction existed at the time of removal, as Plaintiffs' original complaint stated claims under both federal constitutional and statutory law. Therefore, the Court concludes that removal was proper and that the Court can properly exercise jurisdiction over this action.[2]

The Bank Defendants contend that the Court also has subject matter jurisdiction via the parties' diversity of citizenship (now and at the time of the original Complaint) because Plaintiffs fraudulently joined Sheriff Stanek. When a plaintiff has joined a non-diverse party as a defendant in a state case, the defendant may avoid remand to state

---

[1] Under *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the Court has discretion to remand a properly removed action when all federal-law claims have been eliminated and only pendent state-law claims remain. 484 U.S. at 345. However, whether the Court has federal question jurisdiction over Plaintiffs' claims is determined by reference to the record as of the time of removal. Here, Plaintiffs' original Complaint was in effect at the time of removal.

[2] Plaintiffs acknowledge that the Court may retain jurisdiction over the remaining state-law claims based on supplemental jurisdiction, but argues that the Court should decline to do so. (Pls.' Mot. in Supp. of Mot. to Remand to State Court at 4, 5.) At the hearing on this matter, the Court indicated that unless the Court also has diversity jurisdiction, it would remand the action back to state court.

6

court (in the absence of a substantial federal question) by demonstrating that the non-diverse party was fraudulently joined. *Wiles v. Capitol Indemnity Corp.*, 280 F.3d 868, 871 (8th Cir. 2002). The Eighth Circuit has defined fraudulent joinder as "the filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 809 (8th Cir. 2003). Joinder is fraudulent when there is no reasonable basis in fact and law supporting a claim against the non-diverse defendant. *Id.* at 810 (8th Cir. 2003).

While both the original Complaint and the Amended Complaint fail to clearly specify which claims are being asserted against Sheriff Stanek, it appears that Plaintiffs claim that Sheriff Stanek violated Plaintiffs' rights to due process by conducting sheriff foreclosure sales by advertisement. (*See* Count IV—"Foreclosure of Plaintiffs' homes, by advertisement and through a sale conducted by Minnesota county sheriffs, violated the Minnesota Constitution's due process clause.") In their opposition to the Bank Defendants' Amended Motion to Dismiss, Plaintiffs explain that they allege that the Bank Defendants in this action are using the lack of court scrutiny in the non-judicial foreclosure process to wrongfully dispossess people of their homes and that Sheriff Stanek is the agent for this violation. (Pls.' Mem. in Opp'n to Defs.' Am. Mot. to Dismiss at 26.) Plaintiffs also allege that Defendants have violated their rights to due process under the Minnesota Constitution.

In *Guidarelli v. Lazaretti*, 223 N.W.2d 890, 892 (Minn. 1975), the Minnesota Supreme Court affirmed the constitutionality of Minnesota's foreclosure by advertisement statute, Minn. Stat. § 580. 223 N.W.2d at 892 (noting that the statutory

scheme allows for 4 weeks' notice before sale, permits the mortgagor to redeem within 6 months or 1 year, and does not deprive mortgagor of the use and possession of property prior to the foreclosure sale). Plaintiffs claim that they do not allege that foreclosure by advertisement, by itself, violates Plaintiffs' due process rights; but rather, that the foreclosures in this case are irregular and, because of that irregularity, violate due process. Plaintiffs, however, have not alleged any facts that would show that Sheriff Stanek deviated from the statutory procedures or otherwise acted improperly or negligently. Therefore, Plaintiffs' due process claim against Sheriff Stanek necessarily fails.[3]

Because there is no reasonable basis supporting Plaintiffs' claim against Sheriff Stanek, the Court concludes that Plaintiffs' joinder of Sheriff Stanek in this action was fraudulent. Therefore, Sheriff Stanek's citizenship is disregarded in the Court's diversity jurisdiction analysis. Absent Sheriff Stanek, the parties in this action are completely diverse.[4] Thus, the Court concludes that it has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.

---

[3] To the extent that Plaintiffs original Complaint states a claim against Sheriff Stanek for alleged federal constitutional and § 1983 claims based on Sheriff Stanek's involvement in the foreclosure by advertisement process, those allegations would similarly fail. *See, e.g.*, *Hayek v. City of St. Paul*, 488 F.3d 1049, 1054 (8th Cir. 2007) (explaining that under § 1983, government officials are entitled to dismissal if the alleged conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known).

[4] According to the allegations in Plaintiffs' original and amended Complaints, all of the Plaintiffs are Minnesota residents and none of the Bank Defendants are Minnesota
(Footnote Continued on Next Page)

Because the Court has subject matter jurisdiction over this action, the Court denies Plaintiffs' motion to remand.

## II. Motions to Dismiss

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative

---

(Footnote Continued From Previous Page)

entities or have their principal places of business in Minnesota. (Compl. ¶¶ 1, 20-42; Am. Compl. ¶¶ 1, 20-42.) Plaintiffs' and the Bank Defendants' diversity is supported by affidavits submitted by the Bank Defendants. (Aff. of Richard Anderson ¶ 2; Aff. of Devra Lindgren ¶¶ 2-6.) In addition, there is no dispute that the amount in controversy exceeds $75,000.

9

level." *Id.* at 555. As the United States Supreme Court recently reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

### A. The Sheriff Stanek's Motion to Dismiss

Upon careful review of the Amended Complaint, the Court discerns no factual or legal basis for any claim asserted against Sheriff Stanek. First, as explained above, Plaintiffs' Amended Complaint fails to state a due process claim against Sheriff Stanek. Further, none of Plaintiffs' remaining state-law claims are directed against Sheriff Stanek. Even if any of those claims were directed at Sheriff Stanek, Plaintiffs fail to specify or plead any act or failure to act by Sheriff Stanek or the sheriff's office that would support any of the remaining state-law claims.

Plaintiffs do not dispute the merits of Sheriff Stanek's motion to dismiss. Instead they argue only that Sheriff Stanek's memorandum in support of his motion to dismiss was untimely and should not be considered.

Because it is apparent to the Court that there is no legal or factual basis for a claim against Sheriff Stanek, the Court grants Sheriff Stanek's motion to dismiss.

### B. Bank Defendants' Motion

#### 1. Standing

The Bank Defendants argue that Plaintiffs failed to allege sufficient facts to demonstrate that they have standing to seek the relief requested because (1) they do not allege that their mortgages have been foreclosed upon, or if so, that the redemption period remains unexpired; (2) they do not allege the current status of their loans; and (3) any purported damage to Plaintiffs is not attributable to the Bank Defendants, but rather is based on Plaintiffs' failure to comply with their loan obligations.

To have standing under Article III of the Constitution, a plaintiff must allege (1) a concrete injury in fact, (2) that is fairly traceable to the challenged action, and (3) that is likely to be redressed by the relief sought. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). In this action, Plaintiffs allege that the Bank Defendants are using invalid liens to dispossess Plaintiffs of their homes. (Am. Comp. ¶¶ 45-63.) In their Amended Complaint, Plaintiffs allege generally that each Plaintiff executed an original promissory note and a mortgage relative to their respective properties in Minnesota. With respect to each property, Plaintiffs attach a legal description.[5] Plaintiffs further allege generally that the Bank Defendants have published Notices of Foreclosure indicating that they are entitled to foreclose on Plaintiffs' homes. (Am. Compl. ¶ 69.)

Plaintiffs, however, do not allege any additional facts with respect to each Plaintiff's respective mortgage or loan status. For example, Plaintiffs do not allege when the Notices of Foreclosure were published or when the alleged foreclosure sales are

---

[5] The legal descriptions were actually attached as exhibits to the original Complaint, but are referenced in the Amended Complaint.

scheduled to occur. Nor do Plaintiffs allege facts with respect to whether any of the mortgages have already been foreclosed upon and, if so, whether the redemption period has expired. The failure to allege additional specific facts regarding the status of each loan and foreclosure period is fatal to Plaintiffs' claims against the Bank Defendants because it evidences a lack of standing. Without more detailed factual allegations, Plaintiffs cannot demonstrate an injury in fact that is likely to be redressed by the relief sought from the Court.[6]

Plaintiffs' failure to allege sufficient details with respect to each mortgage and the status of each loan is highlighted by evidence that has been submitted via affidavit in relation to the pending motion to dismiss.[7] For example, Plaintiffs submitted documents related to Plaintiff Richard Proctor's mortgage in opposition to the Bank Defendants' motion to dismiss. Among these documents is what Plaintiffs claim to be a true and correct copy of Plaintiff Proctor's Sheriff's Certificate of Sale and Foreclosure Record, which states that Plaintiff Richard Proctor's property was sold at public auction on

---

[6] The Court does not hold that it is necessary for Plaintiffs to actually have lost their homes in order to have standing. In their opposition, Plaintiffs argue that their injury is concrete, actual, and imminent because their loans are being foreclosed upon. Plaintiffs' Amended Complaint, however, only contains a general allegation that the Bank Defendants have published notices of foreclosure. The complete dearth of specifics with respect to each contested loan and the status of any related foreclosure proceedings makes it impossible for the Court to ascertain whether a particular Plaintiff has standing to assert claims against the Bank Defendants.

[7] The Court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp.*, 186 F.3d at 1079.

March 5, 2010. (Aff. of William B. Butler ¶ 3, Ex. 6.)[8] In addition, the Bank Defendants claim that the properties belonging to Plaintiffs Jorge and Julia Cervera, Jeffrey Cox, Donald and Nathan Houck, and Thane and Vicki Traux were also sold at sheriff foreclosure sales on March 30, 2010, June 4, 2010, June 4, 2010, and May 27, 2010, respectively. (Aff. of Jonathan Gershon ¶¶ 5, 6, 8, 14 & Exs. D, E, G, M.)

While Plaintiffs' Amended Complaint is silent on the issue, it appears that these plaintiffs failed to attempt to redeem after their properties were sold through foreclosure sales. Plaintiffs' Amended Complaint is also silent as to whether any of the above redemption periods were tolled, whether the parties agreed to extend the redemption period, or whether any of these plaintiffs otherwise preserved their right of redemption.[9]

---

[8]   The Sheriff's Certificate of Sale in the record is not signed. However, that it is not signed does not affect the Court's decision in this matter. Instead, it underscores the need for more detailed information in the Amended Complaint as to the status of the contested loans and mortgages.

[9]   A sheriff's certificate of sale is *prima facie* evidence that a foreclosure is valid.

> Every sheriff's certificate of sale made under a power to sell contained in a mortgage shall be prima facie evidence that all the requirements of law in that behalf have been complied with, and prima facie evidence of title in fee thereunder in the purchaser at such sale, the purchaser's heirs or assigns, after the time for redemption therefrom has expired.

Minn. Stat. § 580.19. In addition, Minn. Stat. § 580.23 provides the method by which a mortgagor may redeem a property after foreclosure. In most cases, the property must be redeemed within six months of the foreclosure sale. *Id*. § 580.23, subd. 1(a). The period to redeem may be extended in certain circumstances, such as by agreement of the parties. *See Twenty Assocs. v. First Nat'l Bank & Trust Co.,* 273 N.W. 696, 697, 700 (Minn. 1937) (by agreement of the parties). The period to redeem may also be preserved. *See, e.g.*, Minn. Stat. § 580.28.

Thus, it is impossible for the Court to discern whether the Plaintiffs whose properties may have already been sold have a right to relief. *See Stein v. Chase Home Fin.*, No. 09-1995, 2010 WL 4736828, at *6 (D. Minn. Aug. 13, 2010) (holding at the summary judgment stage that a plaintiff could not challenge the validity of a foreclosure because the challenge was raised after the expiration of the redemption period).

As to the remaining Plaintiffs, for whom there is no information as to the current status of the Plaintiffs' loans or pending or past foreclosure proceedings, the Court cannot determine whether there is a viable controversy between the parties, let alone one that can be redressed by the relief sought. Plaintiffs argue that if they receive a favorable decision by this Court—namely a determination that the Bank Defendants' mortgages are invalid and a decision to quiet title—Plaintiffs will not lose their respective homes through foreclosure. However, if those homes have already been lost through foreclosure (which appears to be the case with at least some properties and is unclear for others), Plaintiffs fail to explain how the relief sought can redress their alleged injuries.

For the reasons stated above, the Court concludes that Plaintiffs' Amended Complaint lacks sufficient factual allegations to demonstrate that Plaintiffs have standing to pursue their causes of action. Accordingly, the Court dismisses Plaintiffs' Amended Complaint without prejudice.[10]

---

[10] The Bank Defendants also argue that Plaintiffs cannot demonstrate that any threatened injury (i.e., the loss of their homes through foreclosure) is attributable to the Bank Defendants, rather than the result of Plaintiffs' failure to comply with their loan
(Footnote Continued on Next Page)

## 2. Rule 8 of the Federal Rules of Civil Procedure

The Bank Defendants also argue that Plaintiffs' Amended Complaint is a "kitchen sink" pleading and fails under Rule 8. Under Rule 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] Fed. R. Civ. P. 8(a)(2). While the Rule 8 pleading standard does not require "detailed factual allegations," it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint will not suffice if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

Plaintiffs' Amended Complaint asserts fourteen causes of action involving fourteen different mortgage loans against nine separate Bank Defendants. Plaintiffs assert each of the causes of action against the Defendants generally, but do not otherwise specify which claims are asserted against any particular defendant, or which specific claims each Plaintiff is asserting. Thus, the Bank Defendants, and the Court, are left to guess which Plaintiffs are asserting which claims against which Defendants. The Court concludes that such pleading is inadequate and that Rule 8 requires greater specificity

---

(Footnote Continued From Previous Page)

obligations. The Court declines to reach the issue of whether the purported lack of causation evidences a lack of standing here.

[11] Claims for fraud and mistake are governed by Rule 9(b) of the Federal Rules of Civil Procedure.

than that found in Plaintiffs' Amended Complaint.  *See, e.g.*, *Liggens v. Morris*, 749 F. Supp. 967, 971 (D. Minn. 1990).  Therefore, should Plaintiffs choose to re-file this action with more detailed factual allegations so as to address the standing issue discussed above, Plaintiffs must address the Amended Complaint's inadequacies under Rule 8.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motion to Remand to State Court (Doc. No. [17]) is **DENIED**.

2. Bank Defendants' Amended Motion to Dismiss (Doc. No. [7]) is **GRANTED**.

3. Sheriff Stanek's Motion to Dismiss (Doc. No. [10]) is **GRANTED**.

4. Plaintiffs' Amended Complaint (Doc. No. [6]), as it is asserted against Sheriff Stanek, is **DISMISSED WITH PREJUDICE**.

5. Plaintiffs' Amended Complaint (Doc. No. [6]), as it is asserted against the Bank Defendants, is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  May 17, 2011             s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge